## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

RANDY LEE DAVIS,                                                 CASE NO. 07-51337-NPO

DEBTOR.                                                                       CHAPTER 13

### MEMORANDUM OPINION GRANTING APPLICATION FOR APPROVAL OF EMPLOYMENT OF SPECIAL COUNSEL, NUNC PRO TUNC, AND DENYING PETITION TO RECOGNIZE AND APPROVE LIEN

On October 15, 2009, there came for hearing (the "Hearing") the Petition to Recognize and Approve Lien or Alternatively, Application for Approval of Employment of Special Counsel, Nunc Pro Tunc (the "Application") (Dkt. No. 137) filed by Rufus Alldredge ("Alldredge") in the above-styled chapter 13 case. Alldredge requests that he be approved as special counsel for Randy Lee Davis (the "Debtor"), to represent and defend him against pending felony criminal charges (the "Criminal Charges") for home repair fraud investigated by the Attorney General of Mississippi and prosecuted by the District Attorney of the Second Circuit Court District in Gulfport, Mississippi. Alldredge appeared at the hearing on his own behalf. The Court, being fully advised in the premises, finds that the Application should be approved, *nunc pro tunc*, with compensation fixed in the amount of $10,000.00. The Application is denied to the extent that Alldredge is seeking recognition and approval of a lien against property of the estate.[1]

### Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334. This matter is a core proceeding as defined by 28 U.S.C.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rules of Bankruptcy Procedure 9014 and 7052.

§157(b)(2)(A), (B), (K), and (O). Notice of the Hearing was proper under the circumstances. (Dkt. No. 139).

**Facts**

1. On September 19, 2007, the Debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code. (Dkt. No. 1).

2. The Debtor's chapter 13 plan was confirmed on May 21, 2008 (Dkt. No. 41) and was modified on February 20, 2009. (Dkt. No. 84).

3. On July 7, 2009, an Order Voluntarily Dismissing Chapter 13 Case ("Dismissal Order")(Dkt. No. 97) was entered allowing the Debtor to voluntarily dismiss the chapter 13 case, based on the Debtor's representation contained in his Motion to Dismiss (Dkt. No. 96) that he no longer needed the benefit of the bankruptcy case.

4. On July 15, 2009, the chapter 13 trustee filed a Motion to Vacate the Dismissal Order (Dkt. No. 101), indicating he had been advised that the Debtor had received settlement of a personal injury claim in the approximate amount of $285,000.00, prior to the Dismissal Order. On September 3, 2009, a Consent Order Vacating Order Voluntarily Dismissing Chapter 13 Case (Dkt. No. 126) was entered.

5. On July 30, 2009, William M. Covington, III ("Covington") filed a Request for Instructions and Guidance from the Court, and Motion to Retroactively Authorize Counsel to Pursue Personal Injury Damage Claims, to Approve Representation Contract, and to Authorize Disbursement of Funds Pursuant to Court Directive ("Request") (Dkt. No. 106). Covington indicated in his Request that he represented the Debtor in a personal injury case and was holding in trust $285,000.00 received as settlement proceeds, and that he was not made aware of the

bankruptcy proceeding until the conclusion of the settlement process.

6. Covington disclosed in the Request that he had issued a "letter of protection" to Alldredge for payment from the personal injury proceeds in the amount of $10,000.00 for his representation of the Debtor in the Criminal Charges.

7. Orders were subsequently entered approving the settlement, *nunc pro tunc*, authorizing employment of Covington as special counsel in the personal injury matter, finding the proceeds of the personal injury settlement to be property of the estate, and ordering the immediate transfer of settlement proceeds to the chapter 13 trustee (Dkt. Nos. 133, 147, 150).

8. On September 11, 2009, Alldredge filed his Application requesting approval of his employment as special counsel to defend against the Criminal Charges on a flat fee basis of $10,000.00 as contracted with the Debtor, subject to a lien and assignment on the personal injury and worker's compensation causes of action granted by the Debtor. The Debtor's bankruptcy counsel filed a response requesting the Court to direct the chapter 13 trustee to pay Alldredge $10,000 for past and future work on the matter (Dkt. No. 153).

9. At the Hearing on the Application, the Court found that the lien in favor of Alldredge was obtained post-petition and without court authorization, and that it would not be recognized. The Court took under advisement the decision on the approval of employment for the Criminal Charges.

10. Alldredge represented to the Court at the Hearing that his representation had already provided a benefit to the Debtor's estate in his efforts to maintain the Debtor's presumption of innocence and credibility during the time the personal injury action was ongoing, and that a

conviction may have impacted the recovery that was ultimately obtained.[2] He further represented that if the Debtor were imprisoned, he would be unable to maintain payment of financial obligations. The Debtor's bankruptcy counsel, as well as counsel for the chapter 13 trustee, represented to the Court that efforts by Alldredge provided a benefit by improving the recovery of the settlement proceeds that will result in a significant distribution to creditors, and that incarceration of the Debtor would have likely devalued the amount of any recovery.

### Discussion

Compensation for a debtor's attorney in a chapter 13 case is based on consideration of the benefit and necessity of services to the debtor:

> In a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case. *See* 11 U.S.C. § 330(a)(4)(B). Compensation is based upon a consideration of the benefit and necessity of such services to the debtor. The standard for determining compensation of a Chapter 13 debtor's attorney is, therefore, different than the standard utilized in Chapter 11 cases, as the services of the Chapter 13 attorney need not benefit the estate generally, so long as the services benefit the debtor. *See* 11 U.S.C. § 330(a)(3).

In re Bailey, 2009 WL 2167736, *4 (Bankr. E.D.N.Y. July 15, 2009). *See also* Ingalls v. Phillips (In re Spence), 2009 WL 3756621 (Bankr. W.D. Tex. Nov. 3, 2009); In re Walton, 2009 WL 137515, *2 (Bankr. S.D. Tex. Jan. 16, 2009) (recognizing that counsel's services must represent an identifiable, tangible, and material benefit to the estate); In re King, 350 B.R. 327 (Bankr. S.D. Tex. 2006)(analyzing reasonableness of fees under § 330).

---

[2] Based on representations by the Debtors' bankruptcy counsel, the recovery from the settlement proceeds is expected to provide an 80% or higher distribution through the chapter 13 proceeding.

Section 330(a)(4)(B)[3] of the Bankruptcy Code provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

The "other factors" referred to in Section § 330(a)(4)(B) are set forth in Section 330(a)(3):

> In determining the amount of reasonable compensation to be awarded to a[]. . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

---

[3] Hereinafter all code sections refer to the United States Bankruptcy Code located at title 11 of the United States Code unless otherwise noted.

The standard for compensation of a debtor's attorney in a chapter 13 case has been recognized in Collier on Bankruptcy as differing from the general rule:

> Section 330(a)(4)(B) contains an exception to the general rule that professionals' services are compensable only to the extent that they benefit the estate. In a chapter 12 or chapter 13 case in which the debtor is an individual, a debtor's attorney may also receive reasonable compensation for representing the interests of the debtor in connection with the bankruptcy case, based on the necessity of such services *to the debtor* and the other factors applied to all professional compensation.
>
> This section was undoubtedly enacted in recognition of the fact that in chapter 13 cases and individual chapter 13 cases, the debtor is, in a sense, the principal asset of the estate. Plans in such cases are typically funded by the debtor's income, which is property of the estate; the individual debtor is the going concern. Thus, services that benefit the debtor in connection with the case are services that facilitate the successful completion of the debtor's plan. For example, if a debtor's exemptions are challenged, the debtor's plan may become nonconfirmable because the plan does not meet the best interests of creditors tests of section 1325(a)(5). A successful defense of the objections may thus be necessary for confirmation and success of the plan. Similarly, the debtor's litigation of the dischargeability of a particular debt, or defense against a motion for relief from the stay may determine whether the debtor will continue with the chapter 13 case. Even litigation outside the bankruptcy court, such as defending in a child support proceeding which would disrupt the debtor's plan payments, may be considered representation of the debtor in connection with the bankruptcy case.

3 Collier on Bankruptcy ¶ 330.04[1][b] (Matthew Bender 15th ed. Revised 2009)(footnotes omitted). *See also* In re Powell, 314 B.R. 567, 571 (Bankr. N.D. Tex. 2004)(indicating that § 330(a)(4)(B) language "in connection with the bankruptcy case" must be read liberally to include attorney work for a debtor that could have a conceivable effect on the chapter 13 case).

The Court finds that under the particular facts of this case, Alldredge represented an interest of the Debtor in connection with the bankruptcy case. In his representation of the Debtor on the Criminal Charges, he assisted in the settlement of the personal injury matter that resulted in settlement proceeds that are now part of the bankruptcy estate. This recovery of assets is expected to provide a significant distribution to creditors of the bankruptcy estate. The Court finds in these

limited circumstances that the representation by debtor's counsel meets the standard set in § 330(a). The services rendered by Alldredge were in the best interest of the estate and have already provided a benefit to the estate. The Court finds the flat fee amount of $10,000.00 to be reasonable under the facts.

The Court concludes that the Application should be approved, *nunc pro tunc*, to allow the Debtor to employ Alldredge to represent him on the Criminal Charges and pay him $10,000.00 for that representation from the bankruptcy estate. The Court also finds that the Application should be denied to the extent that it requests recognition of a lien on settlement proceeds from the personal injury settlement in favor of Alldredge as compensation for legal fees.

A separate order consistent with this Memorandum Opinion will be entered by this Court in accordance with Bankruptcy Rules 9021 and 7054, made applicable to contested matters by Bankruptcy Rule 9014.